### No. 475

No. 20327—George W. Christman v. Joseph W. Coleman. Error to Court of Appeals of Hocking County.

159. BOARD OF EDUCATION—County boards of education are empowered by 7701 GC. to dismiss county superintendents of schools for the causes therein enumerated and in the manner therein provided, but not arbitrarily.

985. QUO WARRANTO—154. Schools—In such action respondent may justify his retention of office of county school superintendent by proving his dismissal by board of education before expiration of his term was arbitrary, without proof of charges against him and was the result of collusion among members of board.

ROBINSON, J.

1. County boards of education are empowered by Section 7701, General Code, to dismiss and discharge county superintendents of schools for the causes therein enumerated, and in the manner therein provided.

2. Section 7701, General Code, does not confer upon a county board of education power to dismiss a county superintendent of schools arbitrarily.

3. In an action in quo warranto the respondent may justify his retention of the office of county superintendent of schools by proving that his dismissal and discharge therefrom by the county board of education, before the expiration of his term by appointment, was made arbitrarily and without any proof tending to support any of the charges made against him.

4. In an action in quo warranto the respondent may justify his retention of the office of county superintendent of schools by proving that his dismissal and discharge therefrom by the county board of education, before the expiration of his term by appointment, was not made in good faith but was the result of a corrupt, fraudulent and collusive agreement, entered into by the members of the board of education among themselves and with other interested persons, to dismiss and discharge him, regardless of what the proof may show.

Judgment reversed.

Day, Allen, Jones and Matthias, JJ., concur.

### No. 476

No. 20194—The Metropolitan Securities Co. v. Warren State Bank. Error to the Court of Appeals of Trumbull county.

229. CHATTEL MORTGAGE—Sec. 8650 GC. applies to every mortgage including motor vehicles.

793. MOTOR VEHICLES—1. Compliance with 6310-3 to 6310-14 GC. by the holder of a mortgage on a motor vehicle is not constructive notice to a person subsequently acquiring a mortgage upon such vehicle.

2. A bill of sale containing no defeasance clause and given as security for money loaned is a chattel mortgage and comes under 8560 GC., and the mere filing of such bill of sale with the clerk of courts does not make it prior to a subsequent mortgage given in good faith and without notice, if such subsequent mortgage is filed with county recorder in compliance with 8560 GC.

MARSHALL, C. J.

1. Section 8560, General Code, has application to every mortgage or conveyance intended to operate as a mortgage of goods and chattels including motor vehicles where such mortgage or conveyance is not accompanied by an immediate delivery and followed by an actual and continued change of possession.

2. Sections 6310-3 to 6310-14, General Code were enacted to prevent traffic in stolen cars, to require registration, and a bill of sale to be given in the event of sale or change of ownership of motor vehicles and compliance with those sections by the holder of a mortgage or conveyance intended to operate as a mortgage upon a motor vehicle does not operate as constructive notice to a person subsequently acquiring a mortgage upon such motor vehicle without actual notice of knowledge of such prior mortgage.

3. A bill of sale of a motor vehicle containing no defeasance clause but in fact executed and delivered as collateral security for a sud on money loaned concurrently with the execution of such bill of sale is a conveyance intended to operate as a mortgage upon such motor vehicle and therefore becomes subject to the provisions of section 8560, General Code.

4. Such bill of sale of a motor vehicle thus filed is valid between the parties to the instrument and creates a valid lien as against subsequent mortgagees of such motor vehicle with actual notice or knowledge thereof but the mere filing of such bill of sale in the office of the clerk of courts gives no authority of lien upon such motor vehicle over a subsequent mortgagee of such motor vehicle without actual notice or knowledge thereof who files a valid chattel mortgage with the county recorder in full compliance with sections 8560 to 8564, General Code.

Judgment reversed.

Allen, Kinkade, Robinson and Matthias, JJ., concur.